UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> RONALD STEVEN SCHOENFELD, <br><br> Defendant. | No.  2:21-mc-0076 KJM DB |
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> RONALD STEVEN SCHOENFELD, <br><br> Defendant. | No.  2:21-mc-0077 KJM DB |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  2:21-mc-0078 KJM DB |
| Plaintiff, | |
| v. | |
| RONALD STEVEN SCHOENFELD, | |
| Defendant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  2:21-mc-0079 KJM DB |
| Plaintiff, | |
| v. | |
| RONALD STEVEN SCHOENFELD, | |
| Defendant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  2:21-mc-0080 KJM DB |
| Plaintiff, | |
| v. | |
| RONALD STEVEN SCHOENFELD, | |
| Defendant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  2:21-mc-0081 KJM DB |
| Plaintiff, | |
| v. | |
| RONALD STEVEN SCHOENFELD, | |
| Defendant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    v.<br><br>RONALD STEVEN SCHOENFELD<br><br>            Defendant. | No.  2:21-mc-0082 KJM DB |
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    v.<br><br>RONALD STEVEN SCHOENFELD,<br><br>            Defendant. | No.  2:21-mc-0083 KJM DB |
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    v.<br><br>RONALD STEVEN SCHOENFELD,<br><br>            Defendant. | No.  2:21-mc-0095 KJM DB |
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    v.<br><br>RONALD STEVEN SCHOENFELD,<br><br>            Defendant. | No.  2:21-mc-0096 KJM DB |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:21-mc-0107 KJM DB |
| Plaintiff, | |
| v. | |
| RONALD STEVEN SCHOENFELD, | ORDER |
| Defendant. | |

In all the cases captioned above, defendant Ronald Schoenfeld and intervener Jeanette Edler (movants) filed a notice of appeal. Movants now seek a stay enjoining plaintiff United States from executing its writs of garnishment pending appeal and expedited consideration of the motion. For the reasons below the court **grants movants' ex parte application and denies movants' motion for a stay.**

I.   BACKGROUND

In its prior order, the court adopted the magistrate judge's findings and recommendations in full and granted the government's applications for writs of continuing garnishment. Prior Order, ECF No. 36.[1] Movants filed a notice of appeal. Notice, ECF No. 39. Movants now seek a stay enjoining the government from executing its writs pending appeal. Mot., ECF No. 40. Movants also filed an ex parte application and request the court expedite consideration of the motion. Ex Parte Appl., ECF No. 47. The government opposes the motion, Opp'n, ECF No. 52, but has not opposed the ex parte application. Movants replied. Reply, ECF No. 59.

II.   EX PARTE APPLICATION

Good cause appearing, the court **grants** movants' ex parte application requesting the court consider their motion "at its earliest availability following Plaintiff's Response." Ex Parte Appl. at 4. As noted, the government does not oppose the request. On the court's own motion and

/////

---

[1] Movants make identical motions, i.e., motion to stay and ex parte application to expediate consideration, in all the related cases. The court will cite to the docket in Case No. 2:21-mc-0076-KJM-DB.

under Local Rule 230(g), movants' motion is submitted without oral argument. The motion hearing set for January 27, 2023 is hereby vacated.

### III. MOTION FOR STAY

Although the filing of a notice of appeal generally divests the district court of jurisdiction, "[t]he district court retains jurisdiction during the pendency of an appeal to act to preserve the status quo." *Nat. Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001) (finding the district court had jurisdiction to modify an injunction pending appeal under Rule 62(c)). Thus, this court has jurisdiction to determine whether to grant a stay pending appeal. *Cf. Bass v. First Pac. Networks, Inc.*, 219 F.3d 1052, 1055 (9th Cir. 2000) ("Rule 62[b] is a purely procedural mechanism to preserve the status quo during a stay pending appeal of a district court decision . . . .").

As a preliminary matter, in considering whether to stay the government's execution of its writs of garnishment pending appeal, the court does not apply Federal Rule of Civil Procedure 62(d)[2] and the four-factor test used to determine whether to stay an injunction pending appeal. *See* Mot. at 5–14. Rather, the applicable rule is Rule 62(b),[3] which courts have interpreted to apply to stays of money judgments. *See United States v. Mays*, 430 F.3d 963, 965 (9th Cir. 2005) ("Although the [Mandatory Victims Restitution Act] is a criminal statute, it expressly . . . provides that the [Federal Debt Collection Procedures Act of 1990]'s civil enforcement remedies may be used to enforce orders of restitution entered under the MVRA."); *see also Am. Mfrs. Mut. Ins. Co. v. Am. Broad.-Paramount Theatres*, Inc., 87 S. Ct. 1, 3 (1966) (mem.) ("[I]t seems to be accepted that a party taking an appeal from the District Court is entitled to a stay of a money judgment as a matter of right if he posts a bond in accordance with Fed. R. Civ. P. 62[b] . . . .");

---

[2] The government mistakenly cites to Rule 62(c) in discussing a stay of an injunction. Opp'n at 4. Rule 62(c) has been renumbered as Rule 62(d). *See* Fed. R. Civ. P. 62 advisory committee's note to 2018 amendments. Rule 62(d) states: "While an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights."

[3] After the advisory committee amended the Federal Rules of Civil Procedure in 2018, Rule 62(b) now "carries forward in modified form the supersedeas bond provisions of former Rule 62(d)." Fed. R. Civ. P. 62 advisory committee's note to 2018 amendments.

*see, e.g.*, *Hardesty v. Sacramento Metro. Air Quality Mgmt. Dist.*, No. 10-02414, 2019 WL 2715616, at *3 (applying Rule 62(b)). Here, movants are not requesting the court stay an injunction; rather, movants are requesting a stay enjoining the government from executing its writs of garnishment, which were granted to enforce a criminal restitution judgment against Schoenfeld. Mot. at 4; Opp'n at 3.

Under Rule 62(b), "a party may obtain a stay by providing a bond or other security." The purpose of the supersedeas bond requirement is to secure an appellee from the "risk of a later uncollectible judgment and compensates him for delay in the entry of the final judgment" that may result from the stay. *N.L.R.B. v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988). It is within the court's discretion to determine what amount is appropriate security, to allow alternative types of security or to waive the bond requirement entirely. *See Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987) ("District courts have inherent discretionary authority in setting supersedeas bonds . . . ."). This district's Local Rules generally require a bond in the amount of 125 percent of the judgment amount. E.D. Cal. L.R. 151(d).

Because movants have not provided a bond or other form of security, the court construes the motion as a motion for an unsecured stay. "While parties have a right to a stay obtained through a supersedeas bond, an unsecured stay is reserved for 'unusual circumstances,'" as determined in the court's discretion. *Bolt v. Merrimack Pharm., Inc.*, No. 04-0893, 2005 WL 2298423, at *2 (E.D. Cal. Sept. 20, 2005) (citations omitted). In the absence of Ninth Circuit guidance, courts in this Circuit apply separate tests to determine whether to grant a stay of an injunction under Rule 62(d) and whether to grant an unsecured stay under Rule 62(b).[4] *See,*

---

[4] Even under the Rule 62(d) standard, the court finds a stay is unwarranted. As movants point out, a motion for stay of an injunction requires "the moving party a showing that: (1) the movant is likely to succeed on the merits; (2) he will suffer an irreparable injury if no stay is granted; (3) no substantial harm will come to the non-moving party as a result of the stay; and (4) where the public interest lies." Mot. at 5 (citing *Nken v. Holder*, 556 U.S. 418, 425–26 (2009)). Here, considering the second element, movants have not shown they will suffer an irreparable injury because the government is enforcing payment already owed by movants and "monetary injury is not normally considered irreparable." *Doe #1 v. Trump*, 957 F.3d 1050, 1060 (9th Cir. 2020) (quoting *hiQ Labs, Inc. v. LinkedIn Corp.*, 938 F.3d 985, 993 (9th Cir. 2019)). Thus, movants have "not established the requisite irreparable harm necessary to justify a stay pending appeal." *Id.* at 1070; *see Leiva-Perez v. Holder*, 640 F.3d 962, 965 (9th Cir. 2011)

1 *e.g.*, *Bolt*, 2005 WL 2298423, at *2 & n.4 (noting the test for evaluating a motion to stay

2 injunctive relief pending appeal is "irrelevant in a case controlled by Rule 62[b]"); *Century 21*

3 *Real Est. LLC v. All Pro. Realty, Inc.*, 889 F. Supp. 2d 1198, 1242 (E.D. Cal. 2012) (applying two

4 different tests for determining whether to grant an unsecured stay and stay of an injunction);

5 *Burris v. JPMorgan Chase & Co.*, No. 18-03012, 2022 WL 3285441, at *3 (D. Ariz. Aug. 11,

6 2022) ("[W]hen a judgment-debtor requests a stay of enforcement of a money judgment under

7 Rule 62(b) without a bond, the request is not evaluated under the traditional four-factor test for

8 evaluating a request for a preliminary injunction but under an entirely different standard with

9 different considerations."). When determining whether to waive the supersedeas bond

10 requirement and grant an unsecured stay, district courts in this circuit regularly consider the

11 factors set forth by the Seventh Circuit in *Dillon v. City of Chicago*, 866 F.2d 902, 904-05 (7th

12 Cir. 1988). *See Hardesty*, 2019 WL 2715616, at *4. The *Dillon* factors include:

> (1) the complexity of the collection process;
>
> (2) the amount of time required to obtain a judgment after it is affirmed on appeal;
>
> (3) the degree of confidence that the district court has in the availability of funds to pay the judgment;
>
> (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and
>
> (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

21 *Id.* (citation omitted). The party seeking waiver bears the burden of showing the reasons for

22 departure from the normal requirement of a supersedeas bond. *See id.* at *3.

23 Here, movants have not provided the supersedeas bond required under Rule 62(b). Nor

24 have they met their burden of showing why a waiver of the security requirement is warranted in

25 this case. *See generally* Mot. Indeed, movants do not discuss the *Dillon* factors in their motion to

---

("[S]tays must be denied to all petitioners who did not meet the applicable irreparable harm threshold, regardless of their showing on the other stay factors.").

support a waiver nor have they met their burden to justify one.[5] *See Bolt*, 2005 WL 2298423, *4 ("[B]ecause defendant bears the burden of formulating an alternative plan, the court will not imagine one of its own."). Accordingly, the court **denies** movants' motion for a stay pending appeal.

### IV. CONCLUSION

For the reasons above, movants' **motion for a stay pending appeal is denied**. As noted, movants' **ex parte application is granted** and the **motion hearing set for January 27, 2023 is vacated.**

This order resolves ECF Nos. 40 and 47. This order also resolves the identical motions in all the related cases.

IT IS SO ORDERED.

DATED: January 12, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE

---

[5] Movants address the *Dillon* factors and bond requirement for the first time in their reply brief. Parties "cannot raise a new issue for the first time in their reply brief." *Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990) (internal marks and citation omitted). However, even if the court addressed the arguments raised in the reply brief, movants have not met their burden of showing why a waiver of the security requirement is warranted in this case.